# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT BOWLING GREEN

**ESTEBAN DEJESUS LOWERY**                                                              **PLAINTIFF**

**v.**                                                          **CIVIL ACTION NO. 1:11CV-P171-M**

**JACKIE STRODE, JAILER** *et al.*                                                      **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

On initial review of the complaint pursuant to 28 U.S.C. § 1915A, the Court allowed Plaintiff Esteban Dejesus Lowery's individual-capacity, Eighth Amendment, excessive-force claims to proceed against Defendants Kim James, Captain at the Warren County Regional Jail (WCRJ), and Eddie Pendleton, Lieutenant at WCRJ and also allowed his individual-capacity, Eighth Amendment, deliberate-indifference-to-serious-medical-needs claims to proceed against Defendants James and Pendleton as well as against Defendant WCRJ Jailer Jackie Strode.

This matter is currently before the Court on Defendants Jackie Strode, Kim James, and Eddie Pendleton's motion for summary judgment on Plaintiff's Eighth Amendment excessive-force claims for failure to exhaust available administrative remedies (DN 22). Plaintiff filed a response (DN 24), and Defendants filed a reply (DN 25). Upon consideration of the filings and the relevant law, the Court will grant the motion for summary judgment and dismiss the excessive-force claims against Defendants James and Pendleton. As the Eighth Amendment deliberate-indifference-to-serious-medical-needs claims are not raised in Defendants' motion for summary judgment, those claims continue.

**I.**

Plaintiff claims that on February 18, 2011,[1] another inmate rushed out of his cell and attacked Plaintiff. Deputy Vincent called for assistance. Defendants James and Pendleton responded, and without ordering the other inmate to cease his attack on Plaintiff and already having their tasers deployed, Defendants struck Plaintiff instead of his attacker causing damage to Plaintiff's face. Plaintiff was handcuffed, and the taser prongs were removed from his skin. His nose then started bleeding uncontrollably, and he was escorted to the medical department. The nurse was unable to exam Plaintiff's nose to see if it was broken due to the rapid swelling of Plaintiff's face. Plaintiff requested to be taken to the hospital but was refused, given ice, and returned to cell #2, where he had to wait for his nose to stop bleeding and the swelling to decrease. Plaintiff complains of a denial of medical attention by Defendants thereafter.

**II.**

"[F]ailure to exhaust is an affirmative defense under the [Prison Litigation Reform Act] PLRA," *Jones v. Bock*, 549 U.S. 199, 216 (2007), with the burden of proof falling on Defendants. *Risher v. Lappin*, 639 F.3d 236, 240 (6th Cir. 2011). "Summary judgment is appropriate only if defendants establish the absence of a 'genuine dispute as to any material fact' regarding non-exhaustion." *Id.* (citing Fed. R. Civ. P. 56(a)). The party moving for summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). When ruling on a motion for summary

---

[1] In the complaint, Plaintiff alleges that the incident occurred on February 25, 2011, but in Defendants' motion for summary judgment and attached affidavit, in Plaintiff's response and attached affidavit, and in the affidavits attached to Defendants' reply, the date of the incident is listed as February 18, 2011.

judgment, a court must consider the evidence "'in the light most favorable to the party opposing the motion.'" *Risher v. Lappin*, 639 F.3d at 240 (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986)). If the record taken as a whole could not lead the trier of fact to find for the nonmoving party, the motion for summary judgment should be granted. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. at 586.

### III.

Under the PLRA, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "Exhaustion is no longer left to the discretion of the district court, but is mandatory." *Woodford v. Ngo*, 548 U.S. 81, 85 (2006) (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001)).

"An inmate exhausts a claim by taking advantage of each step the prison holds out for resolving the claim internally and by following the 'critical procedural rules' of the prison's grievance process to permit prison officials to review and, if necessary, correct the grievance 'on the merits' in the first instance." *Reed-Bey v. Pramstaller*, 603 F.3d 322, 324 (6th Cir. 2010) (quoting *Woodford v. Ngo*, 548 U.S. at 90). "A prisoner must adhere to any time limitations that are part of the institutional grievance policy." *Surles v. Andison*, 678 F.3d 452, 455 (6th Cir. 2012). "[E]xhaustion is required even if the prisoner subjectively believes the remedy is not available, even when the state cannot grant the particular relief requested, and 'even where [the prisoners] believe the procedure to be ineffectual or futile . . . .'" *Napier v. Laurel County, Ky.*, 636 F.3d 218, 222 (6th Cir. 2011) (citations omitted). The Sixth Circuit "requires an inmate to

make affirmative efforts to comply with the administrative procedures, and analyzes whether those efforts to exhaust were sufficient under the circumstances." *Risher v. Lappin*, 639 F.3d at 240 (quoting *Napier v. Laurel County, Ky.*, 636 F.3d at 224) (internal quotation marks and citation omitted).

In their motion for summary judgment, Defendants argue that Plaintiff failed to exhaust administrative remedies under 42 U.S.C. § 1997e(a) with respect to the excessive-force claim arising out of the February 18, 2011, incident. Defendants maintain that during Plaintiff's incarceration at the WCRJ, the facility had an inmate grievance procedure available to him and other prisoners but report that Plaintiff never filed a grievance pertaining to the February 18, 2011, incident. Defendants support their motion with Defendant Strode's affidavit and a copy of the "Inmate Rights & Rules and Services Offered to Inmates" form signed by Plaintiff. The grievance procedure is contained in the "Inmate Rights & Rules and Services Offered to Inmates" form and provides:

> Inmates are allowed to submit grievances if he/she believes he/she has been subject to abuse, harassment, or abridgement of civil rights. All grievances must be filed within forty-eight (48) hours of the event or act that you are complaining about. The Jailer or his/her designee will respond to this grievance within ten (10) days from its receipt. In the event that you do not receive a response within ten (10) days then your grievance has been denied. If you are not satisfied with the initial response to your grievance, you may appeal to the Jailer or his/her designee within forty-eight (48) hours of the initial response. The Jailer or his/her designee will respond to your appeal within ten (10) days. If you do not receive a response within ten (10) days, the appeal has been denied.

In response to the motion for summary judgment, Plaintiff concedes that he did not file a grievance but states that he was unable to file a grievance "due to the seriousness of Plaintiffs damage to his face" and because "neither Captain Kim James, Lt. Eddie Pendleton or any other Deputy would not give Plaintiff grievances within the (48) hours of the event to file a complaint

4

of deliberate-indifference-to-serious-medical-needs, also excessive-force to submit grievance form relating to Feburary 18, 2011 incident." He further states that he was "unable to file grievance form relating to Feburary 18, 2011 incident within the (48) hours of the event due to the seriousness of the damage of Plaintiffs nose and denial from Deputies." In an attached affidavit, Plaintiff avers that he "was unable to submit grievance form relating to Feburary 18, 2011 incident within the (48) hours of the event to comply with the exhaustion requirements of the Prison Litigation Reform Act ('PLRA')." He provides no specific reasons or details in the affidavit as to why he was unable to submit a grievance form, however.

While "'one's personal inability to access the grievance system could render the system unavailable,'" *Braswell v. Corr. Corp. of Am.*, 419 F. App'x 622, 625 (6th Cir. 2011) (quoting *Days v. Johnson*, 322 F.3d 863, 867 (5th Cir. 2003)), Plaintiff has not demonstrated this. He wholly fails to explain or describe how the "seriousness" of the damage to his nose/face rendered him incapable of filing a timely grievance.

Even though on the one hand he claims that he was physically incapable of filing a grievance, he claims on the other hand that he was prevented from filing a timely grievance by Defendants James and Pendleton and other deputies, who denied and/or refused him a grievance form. He fails, however, to describe the attempts, if any, he made to obtain a grievance form from Defendants or other officers within 48 hours of the incident and the circumstances surrounding their alleged denial/refusal.

5

In reply, Defendants state that Plaintiff's claim that Defendants refused to provide him with a grievance form is simply untrue and apparently an attempt by Plaintiff to deceive the Court. Defendant Jailer Strode reports, by affidavit, that WCRJ policy requires that inmates have an opportunity to receive an Inmate Grievance Form at every head-count; that grievance forms are available upon request at each head-count; that the jail performs three head-counts per day; that grievance forms were available to Plaintiff during each of those head-counts; and that Plaintiff never requested, filed, or was refused an Inmate Grievance Form (Aff. of Jailer Strode; attached jail policy). Plaintiff does not refute this policy.

Further, Defendants James and Pendleton, by separate affidavits, state that at no time did Plaintiff request that either of them provide him with a grievance form with regard to the incident of February 18, 2011, or any other incident or event (Aff. of Deputy James; Aff. of Lt. Pendleton). They also state that neither has ever refused to provide Plaintiff a grievance form. *Id.* Finally, they report that neither of them has witnessed Plaintiff request a grievance form from another deputy jailer or jail employee or has witnessed any other deputy jailer or jail employee deny Plaintiff a grievance form. *Id.*

Upon consideration of the record, the Court finds that Defendants have met their burden of proof that Plaintiff did not exhaust his administrative remedies which were available to him three times a day at each head-count. Plaintiff's bare statement that he was refused a grievance form by Defendants James and Pendleton and unidentified deputies (a statement that he did not even make in his affidavit) as well as his failure to describe how his injury prevented him from filing a grievance cause this Court to find that "no reasonable trier of fact could find other than for the moving party." *See Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986)

6

(quoting W. Schwarzer, *Summary Judgment Under The Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984) (citations omitted)).  While Plaintiff was not required to make additional efforts beyond what was required in the grievance procedure, *Risher v. Lappin*, 639 F.3d at 240-41, he fails to specify *any* efforts that he took to exhaust the jail's remedies.  *See Napier v. Laurel County, Ky.*, 636 F.3d at 224 ("Our Court has consistently analyzed whether an inmate's efforts to exhaust were sufficient under the circumstances, but in each case, the prisoner did *something*.").

Therefore, Defendants James and Pendleton are entitled to judgment as a matter of law.

## IV.

For the reasons set forth more fully above, and being otherwise sufficiently advised,

**IT IS ORDERED** that Defendants' motion for summary judgment as to the Eighth Amendment excessive-force claims against Defendants James and Pendleton in their individual-capacity (DN 22) is **GRANTED** and that the excessive-force claims against them are **DISMISSED**.

As Defendants did not mention the Eighth Amendment claim of deliberate indifference to serious medical needs in their motion for summary judgment, that claim continues.

Date:

cc:     Plaintiff, *pro se*
        Counsel of Record
4414.005